# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PERSAUD COMPANIES, INC., | * |
| Plaintiff | * |
| v. | *  CIVIL NO. JKB-12-2114 |
| SOUTHERN MD. DREDGING, INC., | * |
| Defendant | * |

## MEMORANDUM AND ORDER

As noted in an earlier order (ECF No. 22), this Court entered a Local Rule 111 Settlement Order on December 3, 2012, after the parties entered into a settlement agreement that was approved by the Court (ECF No. 19). The Settlement Order provided the following in its entirety:

> This Court has been advised by the parties that the above action has been settled, including all counterclaims, cross-claims and third-party claims, if any. Accordingly, pursuant to Local Rule 111 it is ORDERED that:
>
> This action is hereby dismissed and each party is to bear its own costs unless otherwise agreed, in which event the costs shall be adjusted between the parties in accordance with their agreement. The entry of this Order is without prejudice to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated. If no party moves to reopen, the dismissal shall be with prejudice.

(*Id.*)

On November 14, 2013, Defendant Southern Maryland Dredging, Inc. ("SMD") filed a motion to reopen the case and enter judgment. (ECF No. 20.) In its motion, SMD seeks to reinstate this case on the Court's active docket and to enforce the settlement agreement by entering final judgment against Plaintiff Persaud Companies, Inc. ("PCI"), as well as against

Andy Persaud, in an amount authorized by the settlement agreement, which SMD claims has been breached by PCI's and Persaud's failure to pay according to the agreement's terms. (Def.'s Mot. Reopen 3.) Noting jurisdictional and other problems, the Court ordered the motion held in abeyance for 60 days to allow the parties time to sort out things. (Order, Dec. 13, 2013, ECF No. 22.) SMD has now filed a response (ECF No. 25) to the Court's order and has offered an explanation of its motion. The Court has considered the motion and SMD's supplemental response and has concluded the Court is without jurisdiction to enforce the settlement agreement. Further, although the Court has the authority under Federal Rule of Civil Procedure 60(b) to vacate the judgment of dismissal with prejudice and to reinstate this case on the Court's active docket, the Court has determined that the interests of justice do not require such.

This admiralty case was filed on July 16, 2012, by PCI against SMD and claimed breach of contract based on SMD's alleged failure to supply seaworthy and functional dredging equipment in connection with a dredging project undertaken by PCI for the U.S. Army Corps of Engineers in the Tangier Channels and Basin located in Accomack County, Virginia. (Compl., ¶¶ 5-13, 20-25, 70-75.) PCI sought judgment in the amount of $359,832.88. (*Id.* ad damnum clause.) SMD was served on August 7, 2012, and its answer was due August 28, 2012. (ECF No. 5.) On September 10, 2012, the Court ordered PCI to file a motion for entry of default by the Clerk and a motion for default judgment or to provide a report within 30 days why such motions would be inappropriate. (ECF No. 6.)

On September 11, 2012, without seeking leave of Court, SMD filed an answer, a counterclaim, and a third-party complaint (ECF No. 7), a Local Rule 103.3 Disclosure Statement (ECF No. 8), and another document also filed as a third-party complaint, but which was actually a summons on the third-party complaint (ECF No. 9). On September 14, 2012, the Clerk marked

all three as "filed in error" and docketed a quality control notice ("QC notice"), directing SMD to "re-file these documents and attach them to the correct docketing event . . . [and] file the Third Party Summons as an attachment to the Third Party Complaint and not as a separate Third Party Complaint docket entry." (ECF No. 10.) This QC notice went to the same email address for SMD's counsel as he has used throughout the litigation of this case. SMD did not refile the documents as directed, and they continue to be marked "filed in error" on the docket.

At the same time, the Court noted the irregularity of SMD's filing of its answer and ordered SMD to file on or before September 20, 2012, a motion for leave to file its answer out of time. (ECF No. 11.) On September 24, SMD filed its motion (ECF No. 12), and even though the motion was late, the Court determined it had arguable merit and granted it (ECF No. 13). SMD seems to have interpreted the Court's order as deeming SMD's answer, third-party complaint, and counterclaim filed as of September 26, 2012. (*See* Status Report ¶ 2, Nov. 19, 2012, ECF No. 15; Def.'s Response to Order ¶ 3, ECF No. 25.) The Court, however, did not excuse SMD from the need to refile in accordance with the Clerk's directions. Even if the Court were to accept that the documents SMD filed in error on September 11, 2012, were validly filed, SMD still failed to enter on the docket proof of proper service of its third-party complaint on PCI's chief executive officer, Andy Persaud. Thus, he has never been a party to this action, and no basis exists for entering any kind of judgment against him, even presuming good cause were to exist for reopening the case. "Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction." *Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996), *quoted in Choice Hotels Int'l, Inc. v. Bonham*, 125 F.3d 847 (table), 1997 WL 600061, at *1 (4th Cir. 1997) (unpublished).

SMD's motion for leave to file its answer out of time also included mention of settlement negotiations and an indication that the parties had reached an agreement in principle. (Def.'s Mot. Leave 2.) After a month and half went by and no further proceedings occurred in the case, the Court directed the filing of a status report relating to the settlement. (ECF No. 14.) The report submitted indicated communications had broken down between PCI and its counsel (ECF No. 15) and prompted the Court to order the parties and counsel to appear for an in-court status conference (ECF No. 16). That conference was held on December 3, 2012, and resulted in the parties' signed settlement agreement, which the Court approved. (ECF Nos. 17 & 18.) Then, the Rule 111 settlement order was entered.

Fourth Circuit precedent clearly requires that a district court's dismissal order expressly incorporate the obligation to comply with a settlement's terms in order for this Court to exercise its jurisdiction to enforce a settlement agreement, unless an independent basis for the exercise of jurisdiction exists for that purpose. *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 283 (4th Cir. 2002). "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). "Where a court merely recognizes the fact of the parties' agreement and dismisses the case because there is no longer a dispute before it, the terms of the agreement are not made part of the order and consequently will not serve as a basis of jurisdiction." *Smyth*, 282 F.3d at 283. The record plainly shows that the settlement agreement was not incorporated into this Court's dismissal order. Moreover, the Court can discern no independent basis for federal jurisdiction to enforce the parties' settlement agreement. Consequently, the Court has no jurisdiction to enforce the agreement. Rather, SMD may file an action in state court for breach of contract. *See Fairfax Countywide Citizens Ass'n v. Fairfax Cnty., Va.*, 571 F.2d 1299, 1303

n.9, 1305 (4th Cir. 1978) (claim of breach of settlement agreement "is factually and legally distinct from the claim giving rise to the original litigation").

If SMD had requested reinstatement of the case to the active docket so that SMD could return to the status quo and renew its litigation against PCI, then its request for Rule 60(b) relief would be a fair one. However, SMD has limited its request to reopen the case in order to pursue the remedy of enforcement of the settlement agreement, which is beyond the Court's jurisdiction. It is, therefore, not in the interests of justice to grant SMD's request to reopen the case since the Court cannot grant enforcement of the settlement agreement and since SMD can seek its only desired remedy in a state court suit. *See Harman v. Pauley*, 678 F.2d 479, 481-82 (4th Cir. 1982); *Trs., Painters' Trust Fd. of Washington, D.C. v. Clabbers*, Civ. No. DKC-02-4063, 2010 WL 2732241, at *4-5 (D. Md. July 9, 2010).

Accordingly, it is hereby ORDERED that SMD's motion, construed as a motion to reopen the case (ECF No. 20), is DENIED. SMD's motion, construed as a motion to enforce the settlement agreement (ECF No. 20), is DENIED for lack of subject-matter jurisdiction.

DATED this <u>18th</u> day of February, 2014.

                                                BY THE COURT:

                                                /s/
                                                James K. Bredar
                                                United States District Judge